GENOVA & MALIN	DATE: NOVEMBER 3, 2009
Attorneys for the Debtors	TIME: 10:00 A.M.
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                                              **CHAPTER 13**

GEORGE HARRAR,                               **CASE NO. 08-37546(CGM)**

               Debtor.
---------------------------------------------------------X

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEYS FOR DEBTOR UNDER
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS UNITED STATES BANKRUPTCY JUDGE:**

      The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, respectfully represents:

## GENERAL BACKGROUND

      1.    On November 13, 2008, GEORGE HARRAR, the debtor herein, filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

      2.    Your applicant, on behalf of the debtor, has been responsible for guiding the debtor's estate through Chapter 13 of the Bankruptcy Code.

      3.    The debtor owns real property located at 15 Greentree Road, Tivoli, New York 12583 (the "residence"). This real property is the debtor's primary residence.

4. The debtor engages in the profession of contracting.

5. Prior to the filing of the debtor petition, the debtor had executed a first mortgage in favor of COUNTRYWIDE HOME LOANS SERVICING ("COUNTRYWIDE").

6. Prior to the filing of the petition herein, the debtor had executed a second mortgage in favor of FLAGSTAR BANK, FSB ("FLAGSTAR").

7. Prior to filing the debtor's residences was encumbered by a judgment.

## APPLICATION FOR FEES

8. This application is made by GENOVA & MALIN, for an allowance of final compensation for professional services rendered to and on behalf of the debtor during the period of November 13, 2008 through October 30, 2009.

9. Your applicant has acted as legal counsel to the debtor and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN's business, concurrently with the rendition of such services and the incurring of such costs and expenses. A summary of these records is annexed hereto and made a part hereof as Exhibit "A". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtor are set forth in the following summary.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

### Investigation into the Financial Condition of the Debtor

10. From the outset of this proceeding, your applicant has been intimately involved in an effort to protect the interest of the debtor and his estate and bring about a

reasonable recovery for creditors. In the initial phases of this case, your applicant commenced an investigation into the financial condition of the debtor and was called upon to advise the debtor as to the requirements of the Bankruptcy Code and the administration of a Chapter 13 case.

**MOTION TO AVOID SECOND MORTGAGE AND RECLASSIFY CLAIM**

11. Upon the filing of the debtor's petition, debtor provided an appraisal of his residence and mortgage loan statements.

12. Based upon the appraisal and mortgage loan statements, it became evident that there existed a basis for avoidance of the second mortgage and a reclassification of its claim.

13. On June 16, 2009, this firm filed a Motion to Avoid the Mortgage and Objecting to Claim.

14. On August 25, 2009, a Stipulation was entered between the debtor and FLAGSTAR.

**MOTION AVOIDING LIEN PURSUANT TO 11USC§ 522(8)AND REDUCING CLAIM**

15. Upon the filing of the debtor's petition, debtor provided an appraisal of his residence and mortgage loan statements.

16. Based upon judgments against the debtor, it became evident that there existed a basis for avoidance of the lien held by MANUFACTURERS TRADE AND TRUST COMPANY and a reducing of its claim.

17. On July 28, 2009, this firm filed a Motion to Avoid the Mortgage and Objecting to Claim.

18. On September 16, 2009, the Court entered the Order Avoiding the Lien and Reducing the Claim.

3

## MOTION AVOIDING LIEN AND REDUCING CLAIM

19. Upon the filing of the debtor's petition, debtor provided an appraisal of his residence and mortgage loan statements.

20. Based upon judgments against the debtor, it became evident that there existed a basis for avoidance of the lien held by NEW YORK STATE WORKERS COMPENSATION BOARD and reclassifying of its claim.

21. On June 16, 2009, this firm filed a Motion to Avoid the Mortgage and Objecting to Claim.

22. On August 3, 2009, the Court entered the Order Avoiding the Lien and Reclassifying the Claim.

## OBJECTION OF WILLIAMS LUMBER

23. On January 15, 2009 WILLIAMS LUMBER filed a Motion to Extend Time to Object to Discharge and a request to conduct a 2004 examination of the debtors.

24. On January 30, 2009, the Court entered an Order Extending the Time to Object a 2004 was conducted and excluded settlement negotiations ensued .

25. On May 1, 2009, WILLIAMS LUMBER filed a second Motion To Extend Time.

26. On July 15, 2009, the parties entered into a Stipulation settling the issues.

## CONFIRMATION PROCESS

27. The firm was required to prepare for the 341 Creditor's Meeting and review voluminous financial documentation.

28. The firm was required to attend several Hearings on Confirmation, prepare

4

schedules, a plan, amended plan, amended schedules and worksheet.

29. An examination of the record of this case will indicate that many of the procedures were accomplished with a minimum of litigation and intervention by the Court. It is respectfully submitted that the efforts of your Applicant in private discussions and meetings played a significant role in the results obtained. Relationships forged by your Applicant in previous matters, over the course of many years, together with the patient handling of many problems that never developed into Court proceedings ought to be noted in the consideration of how this case reached its present status. There were many times in the history of this case where confrontations and hostile actions were avoided through quiet discussion and negotiation.

30. Finally, it should be noted that this case involved the examination, analysis, reading, and proofreading of countless documents during each of the phases of this case.

31. The many facets of this case have consumed a considerable amount of your applicant's time and that of its office staff. This application for allowance of final compensation details those services that have been performed by your applicant as of the date of this application. In making this application, your applicant has endeavored to keep it in summary and concise form.

32. Your applicant has expended 10.5 hours of lawyers' time and 7.8 hours of paralegal time from November 13, 2008 through September 30, 2009, in the rendition of its services to the debtor. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

5

**THOMAS GENOVA:** Mr. Genova has been practicing law in excess of twenty-eight (28) years. He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy. He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994. He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of eighteen (18) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

33. Much has been written on the subject of the unusual conditions under which attorneys representing debtor in Chapter 13 cases must work. As is the case in Chapter 11

cases, other than a pre-petition retainer, counsel for debtor in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their client's interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

34. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

35. Your applicant's standard time charge for the period from November 13, 2008 through October 30, 2009 was TWO HUNDRED AND SEVENTY-FIVE DOLLARS ($275.00); and NINETY-FIVE DOLLARS ($95.00) for paralegal time.

36. Utilizing these standard time charges for 23.4 hours of partner time at $275.00 per hour ($6,435.00); and 10.8 hours of paralegal time at $95.00 per hour ($1,026.00), results in aggregate charges of $7,461.00. Your applicant has received a pre-petition retainer fee in the sum of $3,000.00 toward this fee from the debtor.

37. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid. Such expenses have aggregated the sum of $479.71 for

7

which the firm has received advanced payment against same in the sum of $274.00.

      38. No previous allowance has been made to your applicant for the services rendered as hereinafter set forth and no previous application has been made therefor to this Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

      **WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of $7,461.00 less $3,000.00 previously paid and the sum of $479.71 less $274.00 for expenses, for such other and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
       October 19, 2009

                    GENOVA & MALIN
                    Attorneys for Debtor

          By:    /s/ Andrea B. Malin
                  ANDREA B. MALIN (AM4424)
                  1136 Route 9
                  Wappingers Falls NY 12590
                  (845) 298-1600